West'n Dis'ct
*August*, 1826.

DURALDE'S
HEIRS
*vs.*
GUIDREY.

—◦◦◦—

## CASTILLE vs. DUMARTRAIT.

APPEAL from the court of probates of St. Martin.

*The petition may be amended by praying for the restitution of the property, instead of the payment of its value.*

PORTER, J. delivered the opinion of the court. The plaintiff sues the defendant, curator of her late husband, to recover the amount of her paraphernal property received by him during coverture and at the time of the marriage.

The petition concluded with a prayer to have judgment for the value of this property, and after the cause was at issue the plaintiff moved the court to permit her to amend the pleadings, so as to substitute a prayer for the property itself, instead of the value of it in money. This the judge refused, and the plaintiff excepted, and appealed.

The ground on which the judge refused it appears to have been, that it was altering the substance of the demand, and that such amendments are prohibited by the Code of Practice. *Art.* 419.

If by demand was meant the prayer for relief, which a plaintiff makes in his petition after setting out his cause of action, the judge decided correctly. But this word used in the article of the code referred to, does not mean the relief sought, but the grounds on which the action is instituted. This we think would be manifest on the reason of the thing, for the object of the law was to prevent new causes of action from being put in the petition, which would vary and change entirely the issue joined; not to prevent modifications being made in the relief sought, which is nothing but a consequence flowing from the claim set up. The code itself, however, has explained the word on which this difficulty has arisen. By the 147th article a demand is defined to be a "civil action brought before a court of justice to obtain a thing to which one thinks himself entitled." The prohibition then to alter the substance of the demand, means a prohibition to alter the substance of the action: or in other words, the cause of action. Now nothing of this kind was attempted here, it was only asked to change the prayer for that relief to which the plaintiff conceived herself entitled, on the cause of action which

she had originally set out. In the case of *Abert* vs. *Bayon*, lately decided, we gave the same meaning which we now do to these words in the code in relation to amendments. *Vol.* 4, 516.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the cause be remanded, with directions to the judge of probates to admit the amendment offered by the plaintiff: and it is further ordered, adjudged and decreed, that the appellee pay the costs of this appeal.

*Lessassier* & *Bowen* for the plaintiff, *Simon* for the defendant.